**No. 55477.**—Allegheny Ludlum Steel Corporation *v.* United States, petition 6794–R (Pittsburgh).

LAWRENCE, Judge: This petition was filed pursuant to the provisions of section 489, Tariff Act of 1930 (19 U. S. C. § 1489), seeking the remission of additional duties resulting from an advance by the appraiser of the entered value of certain repair parts for a traveling electric crane used in the steel plant of the petitioner.

At the trial, three witnesses appeared and gave evidence on behalf of the petitioner.

The first witness, Robert F. Dunn, buyer for the Allegheny Ludlum Steel Corporation, described the merchandise and stated that at the time of importation he contacted R. L. Swearer Co., customhouse broker, for the purpose of filing customs entry of the merchandise. He testified that he directed the broker to make entry at the invoice value, which was a lump-sum figure. The witness further stated that the quotation from the supplier, Dominion Bridge Co. of Lachine, Quebec, Canada, was a lump-sum price subject to an escalator clause which would permit an increase or decrease in the price quoted dependent on fluctuating costs of materials or labor entering into the merchandise. There was received in evidence as petitioner's exhibit 1 the original letter containing the quotation referred to. Mr. Dunn then testified that based upon frequent purchases of repair parts for traveling electric cranes he believed the price quoted to be a fair one, and that at the time entry was made he had no knowledge of any facts indicating that the invoice price was not the true value of the mer-

chandise. Subsequently, he stated, there was received from the appraiser of merchandise at Pittsburgh a notice to file an amended entry; that he consulted with his customhouse broker and with the customs officials in connection therewith; and that during the time information was being obtained to amend the entry, the additional duties here in issue were imposed and paid. He further testified that in permitting or directing the merchandise to be entered at a value less than that found on final appraisement he did not intend to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser, and that at the time of entry there were no facts within his knowledge with respect to the value of the merchandise which he did not reveal to the appraiser.

The second witness, William J. Twigger, a partner in the customs brokerage firm of R. L. Swearer Co., testified that he made the entry involved in this case; that prior to making entry, he sent a submission sheet to the appraiser seeking the latest information as to the value of the merchandise; and that said submission sheet (petitioner's exhibit 2) was returned by the appraiser with the notation: "No current information as to market value on or about the date of exportation." He also stated that in making entry at the invoiced value, he did not have any intention to defraud the revenue of the United States, or to conceal any facts, or to deceive the appraiser as to the value of the merchandise. When a notice to amend the entry was subsequently received, the witness stated he endeavored to comply, but the delay in obtaining a certificate of exportation as to certain items believed to be entitled to free entry culminated in the imposition of additional duties.

The third witness, Walton W. Tustin, stated that he is a partner of Mr. Twigger, the previous witness, in the R. L. Swearer Co. He testified with respect to a conference with the appraiser at Pittsburgh with a view to making an amendment of the original entry and stated that he gave notice of his intention to amend. Apparently, due to some confusion with respect to obtaining certain documents to support a contention that part of the importation would be entitled to free entry, the act of amendment was not carried out.

The respondent has not challenged the good faith of the petitioner in making entry of the merchandise in controversy at less than the final appraised value.

An examination of the record satisfies us that in making entry of the repair parts for a traveling electric crane at a less value than that returned upon final appraisement, petitioner was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted, and judgment will be entered accordingly.